IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br><br>                          Plaintiff,<br><br>     v.<br><br>LEUCADIA NATIONAL CORPORATION<br>520 Madison Avenue<br>New York, NY 10022<br><br>                          Defendant. | Civil Action No. |

COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY
WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS
OF THE HART-SCOTT RODINO ACT

The United States of America, Plaintiff, by its attorneys, acting under the direction of the

Attorney General of the United States and at the request of the Federal Trade Commission,

brings this civil antitrust action to obtain monetary relief in the form of civil penalties against

Defendant Leucadia National Corporation ("Leucadia"). Plaintiff alleges as follows:

NATURE OF THE ACTION

1.      Leucadia violated the notice and waiting period requirements of the Hart-Scott-

Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a ("HSR Act" or "Act"), with

respect to the acquisition of voting securities of KCG Holdings, Inc. ("KCG") in July 2013.

JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to

1

Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355 and over the Defendant by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

3.   Venue is properly based in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## THE DEFENDANT

4.   Defendant Leucadia is a corporation organized under the laws of Delaware with its principal office and place of business at 520 Madison Avenue, New York, NY 10022. Leucadia is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1). At all times relevant to this complaint, Leucadia had sales or assets in excess of $141.8 million.  Leucadia is the ultimate parent entity of Jeffries, LLC ("Jeffries").

## OTHER ENTITIES

5.   KCG is a corporation organized under the laws of Delaware with its principal place of business at 545 Washington Boulevard, Jersey City, NJ 07310. KCG is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1). At all times relevant to this complaint, KCG had sale or assets in excess of $14.2 million.

6.   Goober Drilling LLC ("Goober") is a limited liability company organized under the laws of Oklahoma with its principal place of business at 4905 S. Perkins Road, Stillwater,

OK 74074.  Goober is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1).  At all times relevant to this complaint, Goober had sales or assets in excess of $12 million.

<u>THE HART-SCOTT-RODINO ACT AND RULES</u>

7.      The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the federal antitrust agencies and to observe a waiting period before consummating certain acquisitions of voting securities or assets.  15 U.S.C. § 18a(a) and (b).  These notification and waiting period requirements apply to acquisitions that meet the HSR Act's thresholds, which are adjusted annually.  During most of 2013, the HSR Act's reporting and waiting period requirements applied to most transactions that would result in the acquiring person holding more than $70.9 million, and all transactions (regardless of the size of the acquiring or acquired persons) where the acquiring person would hold more than $283.6 million of the acquired person's voting securities and/or assets, except for certain exempted transactions.

8.      The HSR Act's notification and waiting period are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions.  The waiting period is also intended to provide the federal antitrust agencies with an opportunity to investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

9.      Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), rules were promulgated to carry out the purposes of the HSR Act.  16 C.F.R. §§ 801-803 ("HSR Rules").

3

The HSR Rules, among other things, define terms contained in the HSR Act.

10.     Pursuant to section 801.13(a)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(1), "all voting securities of [an] issuer which will be held by the acquiring person after the consummation of an acquisition" -- including any held before the acquisition --- are deemed held "as a result of" the acquisition at issue.

11.     Pursuant to sections 801.13(a)(2) and 801.10(c)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(2) and. § 801.10(c)(1), the value of publicly traded voting securities already held is the market price, defined to be the lowest closing price within 45 days prior to the subsequent acquisition.

12.     Section 802.9 of the HSR Rules, 16 C.F.R. § 802.9, provides that acquisitions solely for the purpose of investment are exempt from the notification and waiting period requirement if the acquirer will hold ten percent or less of the issuer's voting securities.

13.     Section 802.64 of the HSR Rules, 16 C.F.R. § 802.64, provides generally that certain defined institutional investors, including broker-dealers, may acquire up to 15% of the voting securities of an issuer without filing under the HSR Act and observing the waiting period, if the voting securities are acquired solely for the purpose of investment.  Section (c)(1) of Rule 802.64 provides, however, that "no acquisition of voting securities of an institutional investor of the same type as any entity included within the acquiring person shall be exempt under this section."

14.     Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person

4

is in violation. For violations occurring on or after February 10, 2009, the maximum amount of

civil penalty is $16,000 per day, pursuant to the Debt Collection Improvement Act of 1996, Pub.

L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990,

28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 74 Fed.

Reg. 857 (Jan. 9, 2009).

### DEFENDANT'S PRIOR VIOLATION OF THE HSR ACT

15.     On August 15, 2007, Leucadia acquired 8% of the non-corporate interests in

Goober. At the time of the acquisition, Leucadia already held 42% of the non-corporate interests

of Goober. As a result of the August 15 transaction, Leucadia acquired control of Goober as

defined in the HSR Rules. The value of the membership interests held by Leucadia after the

acquisition was approximately $125 million.

16.     Although it was required to do so, Leucadia did not file under the HSR Act prior

to acquiring Goober membership interests on August 15, 2007.

17.     On October 24, 2008, Leucadia made a corrective filing under the HSR Act for

the August 15, 2007, acquisition of Goober non-corporate interests. In a letter accompanying the

corrective filing, Leucadia acknowledged that the transaction was reportable under the HSR Act,

but asserted that the failure to file and observe the waiting period was inadvertent.

18.     On January 7, 2009, the Premerger Notification Office of the Federal Trade

Commission sent a letter to Leucadia indicating that it would not recommend a civil penalty

action regarding the August 15, 2007 Goober acquisition, but stating that Leucadia "still must

bear responsibility for compliance with the Act. In addition, it is accountable for instituting an

effective program to ensure full compliance with the Act's requirements."

## VIOLATION

19.     On July 1, 2013, Leucadia, through Jeffries, acquired 16,467,774 shares of KCG voting securities. The KCG voting securities held as a result of the acquisition by Leucadia represented approximately 13.5% of KCG's outstanding voting securities and were valued at approximately $173 million.

20.     Prior to acquiring the KCG voting securities, Leucadia sought advice from experienced HSR counsel as to whether the transaction was subject to the HSR reporting requirements. Counsel concluded that the transaction was exempt under Section 802.64 of the HSR Rules because Jeffries was a broker-dealer within the meaning of the HSR Rules, Jeffries was acquiring the voting securities solely for the purpose of investment, and KCG was not a broker-dealer within the meaning of the HSR Rules.

21.     KCG was a broker-dealer within the meaning of the HSR Rules and the exemption under Section 802.64 therefore did not apply. Leucadia was required to observe the notification and waiting period requirements of HSR prior to Jeffries acquiring the KCG voting securities.

24.     On September 19, 2014, Leucadia made a corrective filing under the HSR Act for the KCG voting securities it had acquired on July 1, 2013. In a letter accompanying the corrective filing, Leucadia acknowledged that the acquisition was reportable under the HSR Act. The HSR waiting period expired on October 20, 2014.

25.     Leucadia was in continuous violation of the HSR Act from July 1, 2013, when it acquired the KCG voting securities that resulted in it holding more than ten percent of the outstanding KCG voting securities valued in excess of the HSR Act's $70.9 million size-of-

transaction threshold, through October 20, 2014, when the waiting period expired.

REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

1.      That the Court adjudge and decree that Defendant Leucadia's acquisition of KCG voting securities on July 1, 2013, was a violation of the HSR Act, 15 U.S.C. § 18a; and that Defendant Leucadia was in violation of the HSR Act each day from July 1, 2013, through October 20, 2014.

2.      That the Court order Defendant Leucadia to pay to the United States an appropriate civil penalty as provided by the HSR Act. 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 74 Fed. Reg. 857 (Jan. 9, 2009).

3.      That the Court order such other and further relief as the Court may deem just and proper.

4.      That the Court award the Plaintiff its costs of this suit.

Dated: _____

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:


_____
William J. Baer
D.C. Bar No. 324723
Assistant Attorney General
Department of Justice
Antitrust Division
Washington, D.C.  20530


_____
Daniel P. Ducore
D.C. Bar No. 933721
Special Attorney


_____
Roberta S. Baruch
D.C. Bar No. 269266
Special Attorney


_____
Kenneth A. Libby
Special Attorney


_____
Jennifer Lee
Special Attorney


Federal Trade Commission
Washington, D.C. 20580
(202) 326-2694

8